IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DON M. HAYES AND ELAINE V. HAYES, | : | |
| ADMINISTRATORS OF THE ESTATE | : | |
| OF EDWARD C. HAYES, | : | |
| | : | |
| Plaintiffs, | : | CASE NO. 2:10 CV 0513 |
| | : | |
| vs. | : | |
| | : | JUDGE GRAHAM |
| | : | |
| CITY OF COLUMBUS, et. al., | : | MAGISTRATE JUDGE KEMP |
| | : | |
| | : | |
| Defendants, | : | |
| | : | |

**ORDER**

Plaintiffs, Don M. Hayes and Elaine V. Hayes, as administrators of the estate of Edward C. Hayes (collectively "plaintiffs") bring this action against the City of Columbus; the City of Columbus, Division of Police; and Frederick Hannah, of the Columbus Police Department (collectively "defendants") alleging violations of 42 U.S.C. §§ 1983 and 1985. Complaint, ¶¶7, 41. Defendants have filed a motion for judgment on the pleadings (doc. 5) that is now ripe for this courts review.

I. Facts From the Amended Complaint

According to plaintiffs' complaint, the defendants created a policy called "The Summer Safety Initiative" ("Initiative"). Complaint, ¶13. The purpose of the Initiative was to target certain high-crime areas in Columbus, Ohio with aggressive patrolling. Complaint, ¶¶ 14, 16. Aggressive patrolling included a number of

practices, including one such practice known as the "jump out." Complaint, ¶17. The jump out required police officers to pull up quickly on individuals whom they suspected of wrongdoing, jump out armed with weapons, order those individuals to present identification, and search them for drugs and guns. Complaint, ¶18.

On June 6, 2008, Edward C. Hayes ("Hayes") was in a motor vehicle with three friends in Columbus, Ohio. Complaint, ¶21. Allegedly, Defendant Hannah and several fellow officers, pursuant to the Initiative, jumped out on Hayes and his friends with their guns drawn and without probable cause to do so. Complaint, ¶¶24-25. Hayes ran from the area and Defendant Hannah followed in pursuit. Complaint, ¶27. Defendant Hannah shot Hayes and Hayes later died. Complaint, ¶29, 31.

## II. Procedural Background

On June 4, 2009, plaintiffs filed a complaint in the Franklin County Court of Common Pleas alleging claims of wrongful death and intentional infliction of emotional distress against defendants. Defendants Rick Hannah and the City of Columbus removed the case to this court on July 1, 2009. Hayes et al v. City of Columbus et al, No. 2:09-cv-00542, (S.D. Ohio July 1, 2009), Doc.1. Plaintiffs objected to the removal and asserted that their complaint did not present any federal claims. Id., Doc. 6. This court, by order dated July 9, 2009, remanded the case to the Franklin County Court of Common Pleas. Id., Doc. 8. On December 21, 2009 plaintiffs voluntarily dismissed from their state case the City of Columbus and the City of Columbus Division of Police. See docket of Hayes v. City of Columbus, No. 09 CV 008426 (Franklin County December 21, 2009)(http://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/).

2

On June 4, 2010, plaintiffs filed the instant case alleging violations of 42 U.S.C. §§ 1983 and 1985. Complaint, ¶¶7, 41, Doc. 2.

Defendants have filed a motion for judgment on the pleadings requesting that this court abstain from exercising its jurisdiction pursuant to the Colorado River abstention doctrine. See Colorado River Water Const. Dist. v. U.S., 424 U.S. 800 (1976). For the following reasons, this court denies their request.

III. Standard of Review

When deciding a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) a court "must construe the complaint in the light most favorable to plaintiff" and "accept all well-pled factual allegations as true[.]" Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. Ohio 2010)(citation omitted). The court must determine whether the "complaint states a plausible claim for relief[.]" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009).

IV.  Analysis

In  Colorado River Water Conservation Dist. v. United States, the Supreme Court held that federal courts, in exceptional circumstances, may abstain from hearing a case solely because there is similar litigation pending in state court. 424 U.S. at 818. Colorado River abstention rests on considerations of "wise judicial administration" and "giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. at 817 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)). These factors create a narrow exception to the "virtually unflagging obligation of the federal courts to exercise

3

the jurisdiction given them." Id. "When rights are asserted under § 1983, federal courts's 'unflagging obligation' to exercise their jurisdiction is 'particularly weighty.'" Attwood v. Mendocino Coast Dist. Hosp., 886 F.2d 241, 244 (9th Cir. 1989) (quoting Tovar v. Billmeyer, 609 F.2d 1291, 1293 (9th Cir. 1979)). "Under such circumstances conflicting results, piecemeal litigation, and some duplication of judicial effort is the unavoidable price of preserving access to the federal relief which section 1983 assures." Tovar, 609 F.2d at 1293.

The threshold question in Colorado River abstention is whether there are parallel proceedings in state court. Crawley v. Hamilton County Comm'rs, 744 F.2d 28, 31 (6th Cir. 1984). If the proceedings are parallel, the court must balance a number of factors to determine whether abstention is appropriate. The Sixth Circuit has summarized the various factors from Colorado River and subsequent cases as follows:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained. . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and, (8) the presence or absence of concurrent jurisdiction. These factors, however, do not comprise a mechanical checklist. Rather, they require "a careful balancing of the important factors as they apply in a given case" depending on the particular facts at hand.

Romine v. Compuserve Corp., 160 F.3d 337, 340-341 (6th Cir. 1998)(citations omitted).

In order for state proceedings to be considered parallel to federal proceedings, the parties to state court proceedings do not

have to be identical, but merely "substantially similar." Id. at 340 (6th Cir. 1998). The state proceedings can still be parallel to federal proceedings even where there are additional parties to the federal case. Heitmanis v. Austin, 899 F.2d 521, 528 (6th Cir. 1990). Two actions are parallel if they are "predicated on the same allegations as to the same material facts." Romine, 160 F.3d 340. Where additional issues are raised in the federal complaint and the state court fails to adequately address constitutional questions, a district court should not abstain under the Colorado River doctrine. See Heitmanis, 899 F.2d at 528.  "When a district court decides to dismiss or stay under Colorado River, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983).

Here, the state-court litigation would not be an adequate vehicle for complete and prompt resolution of the issues between the parties because the state case is narrower than the federal case. Typically, in order for cases to be considered parallel, the legal theories asserted in the two cases are the same or the state case is broader than the federal case. Romine, for example, involved class action securities fraud cases where both the state and federal actions contained identical federal claims, but the state court action also included state law claims. 160 F.3d at 338-340. Thus, the state action was more comprehensive than the federal action and the Sixth Circuit found the cases were parallel.

Unlike Romine, here, the allegations in the federal suit are broader than the allegations in the state suit. The complaint in the state suit only involves allegations relating to the shooting of Hayes, while the complaint in the federal suit includes additional allegations concerning the police department's summer safety initiative, aggressive patrolling policy, and the practice of "jumping out." Complaint, ¶¶13-20.

Also unlike Romine, the state court action here does not contain plaintiffs' federal claims. Plaintiffs' theories of recovery in the state and federal court actions have completely different legal bases — the state action raises state law tort claims and the federal action raises federal civil rights claims. See Gentry v. Wayne County, No. 10-cv-11714, 2010 U.S. Dist. LEXIS 123365, at *8 (E.D. Mich. Nov. 22, 2010)(holding that cases were not parallel where federal case raised federal civil rights claims and state case raised state tort claims). In state court, the only defendant is Officer Hannah and the issue is whether Officer Hannah's actions subjected him to liability under Ohio's wrongful death statute. Ohio Rev. Code § 2125.01 (describing an action for wrongful death under Ohio law). Under that statute:

> when the death of a person is caused by a wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued . . . shall be liable to an action for damages. . .

The state court proceedings, unlike the federal court proceedings, will not require plaintiffs to prove a constitutional deprivation of any rights, privileges, or immunities secured by the

Constitution and laws to win their case. 42 U.S.C. § 1983. Nor will plaintiffs in state court have to prove any conspiracy for the purpose of depriving a person of equal protection of the laws. 42 U.S.C. § 1985(3). Because additional issues are raised in the federal complaint and the state court complaint fails to raise any constitutional questions, abstention is not appropriate under the Colorado River doctrine. See Heitmanis, 899 F.2d at 528.

Defendants argue that because both of plaintiffs' lawsuits are based on the same set of facts and were filed by the same plaintiffs against Officer Hannah, they should be considered parallel. But "some factual overlap does not dictate that proceedings are parallel[,]" particularly where the issues raised are different. New Beckley Mining Corp. v. International Union, United Mine Workers, 946 F.2d 1072, 1074 (4th Cir. 1991). While it may be true that plaintiffs' state court proceeding could be modified to make it identical to the federal proceeding, that is not the issue when determining parallel proceedings. Crawley v. Hamilton County Commissioners, 744 F.2d 28, 31 (6th Cir. 1984). The issue is whether the state-court proceeding, as it currently exists, is a parallel, state-court proceeding. Id. See Baskin v. Bath Twp. Bd. of Zoning Appeals, 15 F.3d 569, 572 (6th Cir. 1994)(holding that two proceedings were not parallel although they arose out of the same basic facts because each contested different aspects of a zoning variance and sought different relief). See also Gentry, 2010 U.S. Dist. LEXIS 123365, at *6-11 (holding that cases were not parallel where federal case raised federal civil rights claims and state case raised state tort claims).

For the foregoing reasons, these cases are not parallel and

thus, this court need not address the various factors counseling for or against Colorado River abstention in this case. As a side note, this court makes no judgment at this point whether plaintiffs' federal claims will ultimately be barred under the doctrine of claim preclusion or other related doctrine. See <u>Migra v. Warren City School Dist. Bd. of Education</u>, 465 U.S. 75, 85 (1984)(holding that section 1983 does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims).

It is so ORDERED.

<u>s/ James L. Graham</u>
JAMES L. GRAHAM
United States District Judge

DATE: June 3, 2011